

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2004

# USA v. Anderson

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4255

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Anderson" (2004). *2004 Decisions.* Paper 792.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/792

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-4255
_____

UNITED STATES OF AMERICA

v.

DEWEY I. ANDERSON,
a/k/a "COLEMAN WALKER"

Dewey I. Anderson,
                              Appellant


_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

District Court Judge: The Honorable Mary L. Cooper
(Crim. No. 01-256-01)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 29, 2004

Before: NYGAARD, FUENTES, Circuit Judges and O'NEILL,[*]  District Judge


(Opinion Filed: April 22, 2004)

_____

[*]Honorable Thomas N. O'Neill, Jr., Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

———————————————
OPINION OF THE COURT
———————————————

FUENTES, Circuit Judge:

The appellant, Dewey I. Anderson, appeals from the judgment imposed by the United States District Court for the District of New Jersey, claiming ineffective assistance of counsel. We conclude that Anderson's claim of ineffective assistance is not properly raised on direct appeal. We therefore deny Anderson's claim without prejudice to his right to raise a claim on collateral attack under 28 U.S.C. § 2255.

I

On December 17, 2000, Anderson was arrested by local police for selling cocaine and firearms to an undercover police officer. Two days later, a federal criminal complaint and arrest warrant were filed. Anderson was arrested on January 17, 2001 and was appointed Brian Reilly, a Federal Public Defender, to represent him. On April 19, 2001, in the District Court, Anderson pled guilty to distributing and possessing with intent to distribute more than five grams of crack cocaine and to possession of a firearm as a felon.

On July 5, 2001, Anderson requested that the District Court appoint him new counsel and that he be allowed to withdraw his guilty plea. The District Court held a hearing shortly thereafter and appointed David Rhoads as Anderson's new counsel. With respect to Anderson's request to withdraw his plea, the District Court denied the withdrawal without prejudice so that Anderson and his new counsel could discuss this

2

possibility.

In subsequent status conferences, Rhoads reported to the Court that he had evaluated Anderson's options, and that he believed it was not in Anderson's interest to withdraw his plea. At the status conference held on December 3, 2001, Anderson expressed dissatisfaction with Rhoads' representation. The District Judge told him that his options were limited and that the Court needed to either move forward with sentencing or that Anderson needed to instruct Rhoads to make a motion to withdraw his guilty plea. At a status hearing held the following week, Rhoads informed the Court that Anderson wanted to stay with counsel and keep his plea intact. Accordingly, the District Court scheduled a sentencing hearing.

At the July 2, 2002 sentencing hearing, Rhoads requested a downward departure based on Anderson's medical condition and asked the Court to postpone sentencing so that he could obtain a medical expert to testify in support of a downward departure. The District Court approved this request and ordered a psychological examination.

On October 29, 2002, the District Court held Anderson's sentencing hearing. At this time Rhoads, on behalf of Anderson, requested a downward departure, which the Court denied. Consequently, Anderson was sentenced within the applicable guideline range, 95 months on each of the two counts, with four years concurrent supervised release. Thereafter, Anderson filed this timely appeal.

II

This Court has jurisdiction over an appeal from a judgment entered by the United States District Court for the District of New Jersey under 18 U.S.C. § 1291. However, the fact that this Court can exercise authority over a specific matter does not mean that it must or that it is always proper for the Court to do so. We have previously held that this Court may address a claim of ineffective assistance of counsel on direct appeal only when the record is sufficient to allow determination of the issue. United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991). Otherwise, ineffective assistance of counsel claims are determined on collateral attack and not on direct appeal. United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998); see United States v. Theodoropoulos, 866 F.2d 587, 598 (3d Cir. 1989), overruled on other grounds by United States v. Price, 76 F.3d 526 (3d Cir. 1996). Raising ineffective assistance claims on collateral attack allows for the additional factual development that is often necessary to determine whether counsel's action or inaction meets the ineffective counsel criteria outlined in Strickland v. Washington, 466 U.S. 668 (1984).

In Strickland, 466 U.S. at 694, the Supreme Court sets out a two-prong test to determine whether counsel was ineffective. Under Strickland, the defendant must first demonstrate that counsel's conduct was unreasonable in light of the facts and time at which the conduct occurred. There are no specific guidelines as to when an attorney's conduct is reasonable due to the constraining effect any such rules would have on an attorney's ability to represent his client. Therefore, courts indulge a strong presumption

4

that an attorney has acted reasonably, a presumption that the defendant has the burden to overcome. Id. at 689.

Once a defendant has provided sufficient facts proving counsel's conduct unreasonable, he must then show that the conduct had a prejudicial effect on the outcome of the case. To support this claimed prejudicial effect "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The question before this Court is whether the record is sufficiently developed for us to determine each part of the Strickland test.

The Supreme Court has made it clear that the Strickland test "applies to challenges to *guilty pleas* based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985) (emphasis added). Applying Strickland to a guilty plea challenge, the Hill Court held that the first part of the test remained unchanged and that "the defendant must show that counsel's representation fell below an objective standard of reasonableness." This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. McMann v. Richardson, 397 U.S. 759, 771 (1970). The second part of the test, the "prejudice" component, requires the defendant to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. at 59.

5

Anderson argues that the record is sufficient to permit this Court to rule that his attorneys, Reilly and Rhoads, provided unreasonable counsel resulting in prejudice. Specifically, Anderson lists six items, any one of which he believes is grounds for this Court to reverse his guilty plea and sentence and to remand for trial.

These claims include both attorneys ignoring the possibility of an entrapment defense and both attorneys failing to maintain contact with Anderson. Anderson also claims that Reilly failed to move for bond or pursue whether Anderson was competent to plead, and that Rhoads did not present medical testimony on behalf of Anderson.

Regarding a possible entrapment defense, the record indicates that both Reilly and Rhoads examined this possibility and concluded that this defense was not available to Anderson. There is no record evidence showing this determination to be unreasonable. To the contrary, the record states that both attorneys examined audio transcripts of the offense and independently came to the same conclusion, that an entrapment defense did not apply to Anderson. App. at 107-108. The record contains no evidence suggesting that an entrapment defense would have been an advisable defense option for Anderson.

Anderson also contends that both Reilly and Rhoads were ineffective due to their failure to maintain contact with him. The only evidence in the record indicates that Anderson *believed* Reilly had failed to promptly communicate with him and that he *believed* Rhoads had communicated with him argumentatively. There is also evidence that the District Judge considered both Reilly's and Rhoads' respective performances to

6

be effective. Given this discrepancy and the lack of any specific facts relating to the quantity and quality of contact between Anderson and his attorneys, it would be difficult for this Court to determine the reasonableness of Reilly's and Rhoads' conduct. Furthermore, the record makes no showing that any alleged failure to communicate had a prejudicial effect on Anderson's choice to plead guilty.

Anderson's other claims relating to a failure to move for bond and to adequately address Anderson's competency to plead are similarly problematic. None of these claims rely on evidence sufficient to prove that Anderson's attorneys acted unreasonably. Also, there is no support in the record that any of these claims, if true, unfairly induced Anderson to plead guilty.

Anderson makes multiple claims regarding the supposed ineffectiveness of both of his attorneys. These claims, in order to justify a reversal, must satisfy the test set out in Strickland, 466 U.S. at 694. On direct appeal, for the defendant to show that his attorneys acted unreasonably and that their conduct prejudiced his decision to plead guilty, he must show that the record contains sufficient facts to prove both aspects of the Strickland test. In support of his claims, Anderson relies almost entirely on his own statements of record, which were contradicted by his attorneys and the District Court Judge.

In Massaro v. United States, 123 S.Ct. 1690 (2003), the Supreme Court details why a claim of ineffective assistance is generally more appropriately conducted in a collateral attack than on direct appeal. When a claim such as Anderson's turns heavily on

7

the facts, it is frequently necessary to have a factual hearing to allow both parties to examine the tactical reasons for counsel's actions. This enables parties to uncover the defendant's own choices and to determine whether the results would have been different if counsel had made different choices. Until such factual development is complete, a court cannot determine whether conduct was unreasonable and prejudicial. Government Br. at 12, 13 citing Massaro v. United States, 123 S.Ct. 1690, 1694.

In order for Anderson to prevail, he must accumulate further evidence of the facts surrounding his ineffective assistance claim, as well as evidence of any highly prejudicial effect that his attorneys actions had on his plea decision. While a direct appeal may be appropriate in some narrow circumstances when the record is sufficient to allow determination of ineffective assistance, the record in this case is far from sufficient. United States v. Headley, 923 F.2d at 1083.

Accordingly, we deny Anderson's claim of ineffective assistance of counsel without prejudice to his right to raise this claim on collateral attack brought pursuant to 28 U.S.C. § 2255.