**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 23, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-11266
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABEL JAIMES-JAIMES, also known as Mizael Bueno,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:03-CR-4-ALL
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

        Abel Jaimes-Jaimes, also known as Mizael Bueno, appeals his
sentence following his guilty-plea conviction of illegally
reentering the United States after being deported.  Jaimes-Jaimes
argues that, although there is a presumption of regularity with
regard to state-court convictions, he was entitled to present
evidence to rebut the presumption that his prior 1993 California
conviction was valid and that the district court denied him that
opportunity.

_____

        *Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

There is no evidence in the record to show that Jaimes-Jaimes 1993 prior conviction was constitutionally invalid. The district court did not deny Jaimes-Jaimes the opportunity to rebut the presumption that the 1993 conviction was constitutionally valid because the record doesn't reflect that he requested the opportunity to submit such evidence. Thus, the district court did not clearly err in finding that Jaimes-Jaimes had not rebutted the presumption that his 1993 conviction was constitutionally valid. See United States v. Barlow, 17 F.3d 85, 89 (5th Cir. 1994).

Jaimes-Jaimes also argues that, if this court finds that defense counsel should have requested an evidentiary hearing regarding his prior conviction, defense counsel was ineffective under Strickland v. Washington, 466 U.S. 668, 687 (1984). This is not the rare case in which a claim of ineffective representation can be resolved on direct appeal, and we decline to consider this claim on direct appeal. See Massaro v. United States, 538 U.S. 500, 504-05 (2003); United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995); United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987). The judgment of the district court is AFFIRMED.