**UNITED STATES of America,
Appellee,**

v.

**Tunde ADEYI, Defendant–Appellant.**

**No. 05–1722–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 7, 2006.

Katya Jestin, Assistant United States Attorney (David C. James, of counsel), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, N.Y. (on submission), for Appellee.

Vivian Shevitz, South Salem, N.Y. (on submission), for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Tunde Adeyi appeals his conviction, after a jury trial, for importation and possession with intent to distribute heroin, *see* 21 U.S.C. §§ 952(a), 960(b)(1)(A), 841(a)(1), 841(b)(1)(A)(i). Adeyi was arrested at John F. Kennedy International Airport after screening of his luggage revealed that he had transported more than 30 kilograms of heroin from Nigeria. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

Adeyi's attorney raises three issues on appeal. She argues that (1) the district court should not have permitted the government's handwriting expert to opine as to the authorship of certain slips of paper found among the packages of heroin contained in Adeyi's bags; (2) the district court erroneously allowed the government to elicit testimony from a customs inspector as to his education and training even though his testimony was solely as a fact witness; and (3) Adeyi's trial counsel was ineffective for failing to object to these putative evidentiary errors and for failing to obtain Adeyi's hearing aid, which was in the government's possession during Adeyi's trial.

■ Because Adeyi's trial counsel did not raise either evidentiary objection before the trial court, our review is for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Edwards*, 342 F.3d 168, 179 (2d Cir.2003). Plain error review permits us to grant relief only where (1) there is error, (2) the error is "plain," (3) the error "affects substantial rights," and (4) the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Williams*, 399 F.3d 450, 454 (2d Cir.2005) (quoting *United States v. Cotton*, 535 U.S. 625, 631–32, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)) (alterations omitted).

■ The government's handwriting expert testified to his belief that, based on the handwriting in Adeyi's address book, two of the handwritten slips of paper found in the heroin packages appeared to be authored by Adeyi. Our circuit has not authoritatively decided whether a handwriting expert may offer his opinion as to the authorship of a handwriting sample, based on a comparison with a known sample. We have held, however, that "[f]or an error to be plain, it must, at a minimum, be clear under current law.... A reviewing court typically will not find such error where the operative legal question is unsettled." *United States v. Weintraub*, 273 F.3d 139, 152 (2d Cir.2001) (internal quota-

tion marks omitted). Because expert opinion as to handwriting authorship is not clearly inadmissible in this circuit, we cannot say the district court committed plain error.[1]

■ Neither can we say the district court committed plain error in permitting the customs inspector who first interviewed Adeyi to testify as to his background and training. A district court has "wide latitude" in determining the relevancy of evidence. *United States v. Ramirez*, 894 F.2d 565, 569 (2d Cir.1990). We cannot say that the customs inspector's brief discussion of his training "seriously affect[ed] the fairness, integrity, or public reputation" of Adeyi's trial.

Finally, Adeyi's appellate attorney raises ineffective assistance of counsel claims based on Adeyi's trial counsel's failure to object to the evidence just discussed, and on counsel's failure to obtain Adeyi's hearing aid during trial. Our court "has expressed a 'baseline aversion to resolving ineffectiveness claims on direct review.'" *United States v. Khedr*, 343 F.3d 96, 99 (2d Cir.2003) (quoting *United States v. Williams*, 205 F.3d 23, 35 (2d Cir.2000)). As the Supreme Court has stated, "[I]n most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Accordingly, we decline to address the ineffective assistance claims raised by Adeyi's attorney, and dismiss them without prejudice to Adeyi's raising them in a petition for a writ of habeas corpus under 28 U.S.C. § 2255.[2] We similarly reserve judgment on and dismiss without prejudice those ineffective assistance claims raised in Adeyi's *pro se* supplemental submission.

We have carefully considered all of the other arguments raised in Adeyi's *pro se* submission and find them to be without merit. We therefore AFFIRM the judgment of the district court. We dismiss without prejudice Adeyi's claims of ineffective assistance of counsel.

---

1. Although we do not now decide on the admissibility of such evidence, we note that those circuits that have considered the question are unanimous that a properly admitted handwriting expert may, if the factors enumerated in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), are satisfied, offer an opinion as to the authorship of a disputed document. *See, e.g., United States v. Prime*, 431 F.3d 1147, 1151–54 (9th Cir.2005); *United States v. Crisp*, 324 F.3d 261, 271 (4th Cir.2003); *United States v. Mooney*, 315 F.3d 54, 61–63 (1st Cir.2002); *United States v. Jolivet*, 224 F.3d 902, 905–06 (8th Cir.2000); *United States v. Paul*, 175 F.3d 906, 909–12 (11th Cir.1999). *But see United States v. Oskowitz*, 294 F.Supp.2d 379, 384 (E.D.N.Y.

2003) (citing to district court cases that have excluded handwriting expert testimony offering an opinion as to authorship).

2. Although we do not decide Adeyi's ineffective assistance claims, we note that the district court addressed his claim as it relates to his hearing aid in its opinion on Adeyi's Rule 33 motion for a new trial. The court, after conducting a post-trial evidentiary hearing which addressed Adeyi's comprehension during trial, found that "[t]he evidence, taken in its complete context, is insufficient to establish that Adeyi's hearing difficulty rendered him effectively absent from his own trial." *United States v. Adeyi*, No. 01–cr–351, at 16 (E.D.N.Y. filed June 24, 2004).