**UNITED STATES of America,**
**Appellee,**

v.

**Mark BAROODY and Paul Samuels,**
**Defendants–Appellants.**

**Nos. 05–5259–cr(L), 05–6924–cr(con).**

United States Court of Appeals,
Second Circuit.

Sept. 4, 2007.

William J. Harrington, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York (Jacob W. Buchdahl and John M. Hillebrecht, Assistant United States Attorneys, on the brief)., for Government–Appellee.

Thomas Theophilos, Esq., Buffalo, N.Y., for Appellant Mark Baroody.

Christopher Booth, Lipman & Booth LLP, New York, N.Y., for Appellant Paul Samuels.

Present: Hon. B.D. PARKER, Hon. REENA RAGGI and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

We presume the parties' familiarity with the underlying facts and procedural history. Appellants Mark Baroody and Paul Samuels were each convicted on two counts: (1) conspiring to distribute, and to possess with intent to distribute, one hundred kilograms and more of marijuana, in violation of 21 U.S.C. § 846; and (2) distribution, and possession with intent to distribute, approximately 175 kilograms of marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B).

At the close of the Government's case, Baroody made a motion for a judgment of acquittal on both counts pursuant to Federal Rule of Criminal Procedure 29, asserting that the evidence was insufficient to sustain a conviction on either count. The district court denied the motion; Baroody appeals that decision. In addition, Baroody argues that his conviction cannot stand because he was denied his Sixth Amendment right to effective assistance of counsel.

This Court reviews a challenge to the sufficiency of the evidence de novo. *United States v. Jones*, 393 F.3d 107, 111 (2d Cir.2004). The question on appeal is whether, based on the evidence presented at trial, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Jackson*, 368 F.3d 59, 63 (2d Cir.2004) (internal quotation marks and citation omitted). A defendant challenging the sufficiency of the evidence "bears a heavy burden." *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir.2003) (internal quotation marks and citation omitted). The Court must "view the evidence presented in the light most favorable to the government, and [ ] draw all reasonable inferences in its favor." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000). When a reviewing court is "[f]aced with

competing reasonable inferences drawn from the evidence, [it] is required to defer to the jury's resolution implicit in its guilty verdict." *United States v. Desimone*, 119 F.3d 217, 225 (2d Cir.1997). Upon review of the totality of the evidence, we conclude that it was sufficient to support Baroody's conviction on both counts.

In a variation of his general sufficiency challenge, Baroody also claims that there was insufficient evidence as a matter of law to establish that *both* overt acts alleged in the indictment were committed in furtherance of the same conspiracy. Consequently, he complains that evidence of the second act constituted "other bad act" evidence. Even if we were to agree with Baroody, his conviction should be affirmed because he cannot demonstrate that the alleged variance caused "substantial prejudice" at trial. *United States v. Geibel*, 369 F.3d 682, 693 (2d Cir.2004) (citation and internal quotation marks omitted). Baroody can hardly complain that the variance deprived him of fair notice of the charge against him. *See United States v. Dupre*, 462 F.3d 131, 140–41 (2d Cir.2006). Further, the evidence of his involvement in the New York drug shipment was sufficiently compelling to preclude a finding of prejudice.

■ With respect to Baroody's ineffectiveness of counsel claim, we note that, ordinarily, "a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). As the government points out, however, where the record is sufficiently developed on direct appeal, this Court may address an ineffectiveness claim if its resolution is "beyond any doubt" or to do so would be "in the interest of justice." *United States v. Gaskin*, 364 F.3d 438, 469 (2d Cir.2004) (citation omitted). We find that the record is sufficiently developed to conclude beyond any doubt that Baroody's counsel's performance did not fall below "an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Baroody's ineffectiveness claim is therefore denied with prejudice.

■ Appellant Samuels appeals only the district court's decision denying him the benefit of the safety valve provision in 18 U.S.C. § 3553(f). In order to qualify for safety valve relief, the defendant must "truthfully provide[ ] the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). A district court's factual findings in determining whether the defendant is eligible for the safety valve, such as whether the defendant has testified truthfully, are reviewed only for clear error. *See United States v. Rubenstein*, 403 F.3d 93, 99 (2d Cir.2005). Upon review of the record, we cannot conclude that the district court's finding that Samuels did not testify truthfully was clear error. We therefore affirm the district court's decision denying Samuels the benefit of the safety valve.

Accordingly, Baroody's conviction is AFFIRMED. The district court's decision denying Appellant Samuels the benefit of the safety valve provision in 18 U.S.C. § 3553(f) is also AFFIRMED.