**UNITED STATES of America,
Appellee,**

**v.**

**Carlos CONTRERAS, Defendant–
Appellant.**

No. 05–6692–cr.

United States Court of Appeals,
Second Circuit.

Sept. 18, 2007.

David S. Hammer, Esq., New York, NY, for Defendant–Appellant.

Reed Michael Brodsky, Assistant United States Attorney (Jane A. Levine, Katherine Polk Failla, Assistant United States Attorneys, of counsel; Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief), New York, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges, Hon. CHARLES L. BRIEANT, JR., District Judge.*

## SUMMARY ORDER

Defendant–Appellant Carlos Contreras appeals from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge* ), entered on November 8, 2005 sentencing him—after conviction by jury trial—principally to 60 months' imprisonment for one count of conspiracy to defraud the government in violation of 18 U.S.C. § 286, and 24 months on 17 counts of aiding and abetting the filing of fraudulent income tax returns in violation of 26 U.S.C. § 7206(2),

to run concurrently.[2] We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

Contreras first contends that the evidence before the jury was insufficient to support his conviction as "he did not prepare most of the tax returns at issue," and he had an "absolute good faith right" to rely on information provided by his tax clients. When faced with a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the government, construe inferences in the government's favor, and affirm the conviction unless no "rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *United States v. Nektalov*, 461 F.3d 309, 318 (2d Cir.2006) (citation and internal quotation marks omitted).

 Sufficient evidence supports the jury's finding that Contreras entered into a conspiracy to defraud the United States under 18 U.S.C. § 286, and that he aided and abetted the filing of fraudulent tax returns under 26 U.S.C. § 7206(2). First, the record does not support Contreras's contention that he did not prepare most of the tax returns at issue. The government called, among other witnesses, nine taxpayers and clients and one former employee of Contreras's income tax preparation business. Five of the clients testified for the government that Contreras personally prepared their tax returns. Moreover, the evidence at trial demonstrated that Contreras instructed and supervised preparation of fraudulent tax returns by his employees.

Second, the record does not support Contreras's assertion that he relied in good faith on information furnished by tax

---

* The Honorable Charles L. Brieant, Jr., United States District Judge for the Southern District of New York, sitting by designation.

**2.** Defendant was also sentenced to three years supervised release, a mandatory assessment, and restitution. He does not appeal these aspects of his sentence.

clients in preparing their tax returns. Two of the client-witnesses testified that they did not provide Contreras with information about their expenses, and four testified that after discussing their expenses with him, Contreras estimated the amounts and then increased the amounts he put into the forms. Accordingly, Contreras has not sustained his burden of showing that no "rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Nektalov*, 461 F.3d at 318.

■ Contreras next argues that the District Court erred in not instructing the jury that he had an absolute right to rely in good faith on the information provided by his clients. We typically "review jury instructions *de novo.*" *Hudson v. New York City*, 271 F.3d 62, 67 (2d Cir.2001). Under that standard, "[a] jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Boyce v. Soundview Tech. Group, Inc.*, 464 F.3d 376, 390 (2d Cir.2006) (internal quotation marks and citations omitted). However, where, as in this case, counsel does not object to a particular ruling on a jury charge, we review the instructions for plain error. *See Jones v. United States*, 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999); *United States v. Thomas*, 377 F.3d 232, 242 (2d Cir.2004).

The District Court rejected the proposed instruction as irrelevant because the government's theory was that Contreras fabricated and inflated expenses, not that he should have sought more information from his clients about their expenses. Nonetheless, the District Court instructed the jury on good faith. It charged the jury: "you may not find the defendant guilty if he acted in good faith, such as with an honest belief that each of the challenged deductions on a return you are considering was proper." In addition, the District Court instructed the jury that "you may not find that the defendant acted willfully if you find that he acted in good faith, such as with an honest belief that the deductions in question were proper." Thus, the jury was instructed "as to the correct legal standard," *Boyce*, 464 F.3d at 390, and even under a *de novo* review, we find no error much less plain error.

■ Contreras next argues that his sentence was unreasonable because the District Court should have granted a downward departure due to Contreras's family circumstances. Reviewing a sentence for reasonableness entails "consideration not only of the sentence itself, but also of the procedure employed in arriving at the sentence." *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006) (citing *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005)). "[T]he standard is akin to review for abuse of discretion." *Id.* at 27. Thus, we consider whether the sentencing judge "exceeded the bounds of allowable discretion, ... committed an error in law ..., or made a clearly erroneous finding of fact." *Id.* (quoting *Crosby*, 397 F.3d at 114).

The record makes clear that the District Court considered the applicable Guidelines range of 78 to 121 months, the presentence report, the amount of loss, the severity of the crime, the necessity for deterrence, defendant's statement, and letters submitted to the Court. The Court then chose a sentence of 60 months—18 months below the Guidelines range—finding that no more was needed to serve the purposes of 18 U.S.C. § 3553(a). We thus conclude that the District Court carefully considered the section 3553(a) factors, *see Rita v.*

296

*United States*, ⸺ U.S. ⸺, 127 S.Ct. 2456, 2463, 168 L.Ed.2d 203 (2007), and that the sentence was well within the broad range of reasonable sentences that the District Court could have imposed. *See Fernandez*, 443 F.3d at 26.

Finally, Contreras argues that he was denied effective assistance of counsel. "[T]his court has expressed a baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Khedr*, 343 F.3d 96, 99–100 (2d Cir.2003) (citations and internal quotation marks omitted). Among the reasons for this is that the district court is "the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Massaro v. United States*, 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *accord United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir.2006). Nevertheless, we will review claims on direct appeal when the record is fully developed and resolution is beyond doubt. *See United States v. Garcia*, 413 F.3d 201, 219 n. 13 (2d Cir.2005); *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir.2004). These requirements are not met here, so we decline to review Contreras's ineffectiveness claim at this point.

For these reasons, we AFFIRM the judgment of the District Court.