# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-30288
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARTIN DUPLAN

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-82-1

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Martin Duplan pleaded guilty to one count of distributing and possessing with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and he was convicted by a jury of one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Duplan to 63 months of imprisonment for the drug-trafficking charge and to a consecutive term of 60 months of imprisonment for the firearm charge. The court also ordered that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Duplan forfeit the two firearms that he was convicted of possessing in furtherance of a drug trafficking crime and imposed two, concurrent four-year terms of supervised release.

Duplan contends that the evidence at the trial on the firearm charge was insufficient to sustain the jury's verdict of guilt under § 924(c)(1)(A). Because Duplan moved for a judgment of acquittal under FED. R. CRIM. P. 29 as to the firearm charge, review is de novo. See United States v. Ferguson, 211 F.3d 878, 882 (5th Cir. 2000). The trial evidence showed Duplan possessed two firearms. A Glock .45 caliber handgun with a laser sight and with a single bullet loaded in the chamber was inside Duplan's pickup truck when he retrieved nearly 500 net grams of cocaine from the truck to sell to the DEA's confidential source. In addition, a Smith & Wessson 9mm pistol was lying in the nightstand in Duplan's bedroom, about eight feet from 227.6 net grams of cocaine, a digital scale, and sandwich bags Duplan had stored in the bedroom closet. Although Duplan's father testified that the Smith & Wesson was a family heirloom and his fiancée testified that Duplan purchased the Glock .45 for personal protection while working late night shifts as a tugboat captain, there was sufficient evidence for the jury to reasonably infer that Duplan knowingly possessed a firearm in furtherance of a drug-trafficking crime. See United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir.), amended in other part, 226 F.3d 651 (5th Cir. 2000); Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Duplan contends that the district court clearly erred in denying him a two-level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility due to Duplan's decision to proceed to trial on the firearm charge. The Government did not oppose the application of the reduction in the district court based on the facts but expressed doubt that Duplan was eligible for the reduction. The district court interpreted § 3E1.1, comment. (n.2) to mean that Duplan was ineligible for the reduction, a ruling which we review de novo. United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006).

We rejected a similar argument in United States v. Brace, 145 F.3d 247, 265 (5th Cir. 1998) (en banc). There, the defendant conceded his commission of the relevant conduct (actus reus) but proceeded to trial on an entrapment defense, contesting whether he had the requisite mens rea. Id. at 265. We held that the defendant failed to accept responsibility for his crime under § 3E1.1 and affirmed the district court's denial of the acceptance-of-responsibility reduction. Id. Like the defendant in Brace, Duplan was ineligible for the reduction under § 3E1.1 because he proceeded to trial on the firearms charge to contest his mens rea, denying that he possessed the firearms "in furtherance of" his drug-trafficking crime. Thus, the district court properly applied our holding in Brace, and we affirm Duplan's sentence.

Duplan also claims that his attorney rendered ineffective assistance in failing to advise him not to persist in his not guilty plea with respect to the firearm charge. Generally, this court declines to review claims of ineffective assistance of counsel on direct appeal. United States v. Miller, 406 F.3d 323, 335-36 (5th Cir. 2005); see also Massaro v. United States, 538 U.S. 500, 503-04 (2003) (stating that a 28 U.S.C. § 2255 motion is the preferred method for raising such a claim). Accordingly, this court has undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed the court to evaluate fairly the merits of the claim. United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987). Duplan's is not one of those rare cases.

AFFIRMED.