IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 2156-01






CONSUELO FREEMAN, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


NUECES COUNTY






 Hervey, J., delivered the opinion of the Court in which Keller, PJ., Womack,
Keasler, Holcomb and Cochran, JJ., joined. Meyers, J., filed a dissenting opinion in
which Price, J., joined. Price, J., filed a dissenting opinion in which Meyers, and
Johnson, JJ., joined.



OPINION 



 In this case, we decide that the record does not support the decision of the Court of Appeals on
an ineffective assistance of counsel claim that appellant raised for the first time on direct appeal. Appellant raised several ineffective assistance of counsel claims for the first time on direct appeal
without having developed a record in the trial court during the trial or during a motion for new trial hearing
for the purpose of establishing these claims. In a 2-1 decision, the Court of Appeals held that appellant's
trial counsel was ineffective for failing to file a motion to recuse the trial judge because of comments the trial
judge made which appellant claimed raised the issue of the trial judge's impartiality. See Freeman v. State,
No. 13-98-587-CR slip op. at 7 (Tex. App.-Corpus Christi, delivered August 16, 2001) (nonpublished). 
The dissenting opinion claimed that, in the absence of a more fully developed record, the presumption that
counsel's conduct was reasonable was not overcome. See Freeman, slip op. at 1-2 (Hill, J., dissenting);
see also Strickland v. Washington, 104 S.Ct. 2052, 2065 (1984) (counsel's conduct presumed
reasonable).

 We exercised our discretionary authority to review this decision. The sole ground upon which we
granted the State's discretionary review petition states:

 Did the Court of Appeals err when it effectively held that the failure to seek recusal of the
trial judge was per se ineffective assistance of counsel as a matter of law, in conflict with
the dissenting opinion, with another court of appeals, and on an important question of state
and federal law that has not been, but should be, settled by the Court of Criminal Appeals?

 

 We have held several times that in cases like this "the record on direct appeal is simply
undeveloped and cannot adequately reflect the failings of trial counsel." See, e.g., Thompson v. State, 9
S.W.3d 808, 813-14 (Tex.Cr.App. 1999). The United States Supreme Court generally agrees. See
Massaro v. United State, 123 S.Ct. 1690, 1694 (2003) (when ineffective assistance of counsel claim is
raised on direct appeal, "appellate counsel and the court must proceed on a trial record not developed
precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this
purpose").

 The record in this case is insufficient to support the conclusion reached by the Court of Appeals
on the ineffective assistance of counsel claim it addressed because appellant did not develop a record in
the trial court for the purpose off establishing this claim. See Thompson, 9 S.W.3d at 815. The Supreme
Court in dicta did state in Massaro that some ineffective assistance of counsel cases may be disposed of
on direct appeal where "trial counsel's ineffectiveness is so apparent from the record." See Massaro, 123
S.Ct. at 1696. Without more guidance from the Supreme Court, however, we decline to hold that this is
such a case. See Freeman, slip op. at 1-2 (Hill, J., dissenting).

 The judgment of the Court of Appeals is reversed and the case is remanded there for further
proceedings consistent with this opinion.


 Hervey, J.


Delivered: November 5, 2003

Publish