**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 6, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60190
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIC M. JOHNSON, also known as Skeeter,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:02-CR-9-1
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Daric M. Johnson appeals his jury-trial conviction of and
sentence for conspiracy to possess with intent to distribute
controlled substances, possession with intent to distribute
marijuana, crack cocaine, and cocaine hydrochloride, and being a
felon in possession of a firearm. Johnson argues that the
evidence seized from his car should have been suppressed because
probable cause to stop his car did not exist.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The stop of Johnson's car was based on an informant's reliable tip, which officers corroborated by conducting surveillance. The information the officers possessed, when viewed as a whole, provided them with reasonable suspicion to justify the stop of Johnson's car. See Alabama v. White, 496 U.S. 325 (1990).

Johnson also argues that, had the search warrant application been purged of reckless, material misrepresentations, it would not have provided probable cause that Johnson had violated the law and that the district court erred in refusing to examine the adequacy of Johnson's assertion that the arrest warrant contained a misrepresentation. The only alleged misrepresentation to which Johnson points on appeal is Deputy Joseph W. Nicholson's statement in the affidavit that he arrested Johnson. Johnson does not explain how Deputy Nicholson's apparent misstatement is material. Johnson does not dispute that he was arrested. Johnson has not shown the existence of a material misrepresentation in the affidavit. Cf. United States v. Namer, 680 F.2d 1088, 1094 (5th Cir. 1982). A determination whether the remaining portion of the affidavit was sufficient to support the judge's finding of probable cause was not necessary. See Franks v. Delaware, 438 U.S. 154, 171-72 (1978).

Johnson also contends that the district court erred in sentencing because the jury found Johnson guilty of possession of

less than 1.5 kilograms of cocaine and of possession of less than 1.5 total kilograms of drugs.  Johnson's argument regarding the quantity of drugs is without merit.  The district court's application of U.S.S.G. § 2D1.1(c) to determine Johnson's base offense level was proper because Johnson was not sentenced above the statutory maximum.  See United States v. McWaine, 290 F.3d 269, 274 (5th Cir. 2002).

Finally, Johnson argues that he received ineffective assistance of counsel because trial counsel failed to appear at a motion hearing, to request a hearing on the motions to suppress the searches of the car and house, and to object to numerous leading questions.  This is not the rare case in which a claim of ineffective representation can be resolved on direct appeal, and we decline to consider these claims.  See United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987); see also Massaro v. United States, 123 S. Ct. 1690, 1696 (2003).  The district court's judgment is AFFIRMED.