**UNITED STATES of America,**
**Appellee,**

v.

**Bruce W. GORDON Defendant–**
**Appellant.**

**No. 03–1362.**

United States Court of Appeals,
Second Circuit.

May 7, 2004.

Joseph W. Martini, Pepe & Hazard LLP, Southport, CT, for Appellant, of counsel.

Ronald G. White, Assistant United States Attorney, for the Eastern District of New York, for Appellee, of counsel.

Present: JACOBS, B.D. PARKER, Circuit Judges, and BLOCK* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Bruce Gordon ("Gordon") appeals from his resentencing in the United States District Court for the Eastern District of New York pursuant to a limited vacatur and remand by this Court directing the district court to group certain of Gordon's convictions for, *inter alia,* mail fraud, money laundering, and tax fraud under § 3D1.2(d) of the United States Sentencing Guidelines ("U.S.S.G."). *See United States v. Gordon,* 291 F.3d 181, 195 (2d Cir.2002) (*"Gordon I"*). Adhering to this Court's mandate, the district court arrived at a sentence eleven months longer than the 97 months initially imposed. *See United States v. Gordon,* 267 F.Supp.2d 366 (S.D.N.Y.2003) (*"Gordon II"*).

At resentencing, Gordon argued for the first time that his tax fraud and money

* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

laundering convictions should be grouped under U.S.S.G. § 3D1.2(b) (grouping "[w]hen counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan"). By his reckoning, such grouping would yield the same combined offense level at which he was originally sentenced. *Id.* at 368. The district court ruled that Gordon's new grouping argument was waived because he failed to raise it during his initial sentencing. *Id.* at 369. Nonetheless, the court went on to consider and reject Gordon's new grouping proposal on the merits. *See id.* at 369–70.

Gordon contends that he lacked opportunity or incentive to raise the new grouping argument earlier, or (in the alternative) that the failure of his counsel to do so at the original sentencing amounted to constitutionally ineffective assistance. Familiarity is assumed as to the facts, procedural context, and the specification of appellate issues.

■ We affirm on the ground that Gordon waived the grouping argument first raised at resentencing. When "the Court of Appeals upholds [an] underlying conviction[ ] but determines that a sentence has been erroneously imposed and remands to correct that error," the "law of the case" doctrine " 'forecloses relitigation of issues expressly or impliedly decided by the appellate court.' " *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir.2002) (quoting *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir.2001)). " '[W]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone,' it is considered waived and the law of the case doctrine bars the district court on remand and an appellate court in a subsequent appeal from reopening such issues 'unless the mandate can be reasonably understood as permitting it to do

so.' " *Id.* (quoting *Ben Zvi*, 242 F.3d at 95). The same logic bars a defendant—at resentencing or on appeal therefrom— "from raising issues that he or she waived by not litigating them at the time of the initial sentencing." *Id.*

The case is different if the defendant lacked opportunity or incentive to raise the issue at the original sentencing or on appeal from it. However, as the district court found, Gordon had the opportunity and a strong incentive to propose any conceivable grouping plan he deemed favorable in response to his PSR, which did not recommend any grouping of his convictions. *Gordon II*, 267 F.Supp.2d at 368–69. At that point, Gordon proposed some grouping options, but not the grouping of tax fraud and money laundering convictions under § 3D1.2(b). *See id.* Gordon had a further opportunity and incentive to present the new grouping argument when he appealed his convictions. At that time, the government had cross-appealed the district court's initial grouping of the mail and tax fraud convictions under U.S.S.G. § 3D1.2(c), so (as the district court found) Gordon had an incentive to advance any argument that might have supported affirmance. *See id.* Gordon offers no basis for concluding that the district court's findings are clearly erroneous; the grouping argument he presses on appeal is therefore waived. We express no view on the district court's alternative ruling, which rejects Gordon's grouping argument on the merits. *See id.* at 369–70.

■ With respect to ineffective assistance, this Court has a "baseline aversion" to resolving such claims on direct review. *United States v. Salameh*, 152 F.3d 88, 160–61 (2d Cir.1998). That aversion stems from the notion that an "allegedly ineffective attorney should generally be given the opportunity to explain the conduct at issue." *United States v. Khedr*, 343 F.3d 96,

100 (2d Cir.2003) (citation and quotation omitted). Although direct review may be appropriate where resolution of the claim is "beyond any doubt or ... would be in the interest of justice," *id.* (internal quotation marks and citation omitted), such circumstances are rare; ordinarily, the vehicle for ineffective assistance claims is a collateral attack via 28 U.S.C. § 2255. *See Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1693–94, 155 L.Ed.2d 714 (2003). Whether or not Gordon received effective assistance, he points us to no circumstance suggesting that resolution of the question is in the interest of justice at this juncture.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.