**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Darryl Prevatte MITCHELL,**
**Defendant–Appellant.**

**No. 02–1546.**

United States Court of Appeals,
Sixth Circuit.

May 14, 2004.

Patricia G. Gaedeke, Jonathan Tukel, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Darryl Prevatte Mitchell, U.S. Penitentiary, Terre Haute, IN, pro se.

John F. Royal, Detroit, MI, for Defendant–Appellant.

Before: COLE and COOK, Circuit Judges; and SPIEGEL, Senior District Judge.*

PER CURIAM.

Darryl Mitchell appeals his conviction on ten counts of tax evasion in violation of 26 U.S.C. § 7201, arguing that (1) the government presented insufficient evidence at his bench trial to support his conviction; (2) the district court should have granted his motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure because his conviction was against the weight of the evidence; (3) the government withheld exculpatory *Brady* materials, preventing a fair trial; (4) his trial counsel's deficient performance violated his Sixth Amendment right to effective assistance of counsel; (5) the district court's consideration of improper character evidence entitled him to a new trial; and (6) the trial court incorrectly determined his base offense level.

Because the record is inadequate to assess the merits of Mitchell's ineffective assistance of counsel claim, we decline to address this claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504–505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (holding that generally, "a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance" because the district court is "the forum best suited to developing the

---

* The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

facts necessary to determining the adequacy of representation during an entire trial").

Having heard oral argument and reviewed the record, the applicable law and the parties' briefs, we conclude that Mitchell's other claims are meritless. We accordingly affirm the district court's judgment of conviction and denial of Mitchell's various post-trial motions on the same bases the court articulated in its orders.