SUMMARY ORDER
Defendant-Appellant Cesar Castro was tried and convicted for his role in a heroin conspiracy. In the lead appeal here, he challenges that conviction, arguing that the United States District Court for the Southern District of New York (Griesa, J.) erred in various evidentiary rulings. Castro also argues that he received constitutionally ineffective assistance of counsel, and that the District Court gave the jury an erroneous jury instruction that effectively prejudiced his ability to testify in his own defense. Castro also appeals from the District Court’s later denial of a Rule 33 motion in which Castro sought a new trial based on three other incidents of allegedly ineffective assistance. This second appeal has been consolidated with the first. We assume the parties’ familiarity with the facts and procedural history of the case, and the scope of the issues on appeal.
Castro primarily challenges certain evidentiary rulings of the District Court. We review such rulings for abuse of discretion. United States v. Khalil, 214 F.3d 111, 122 (2d Cir.2000). Having carefully reviewed the record, we find no such abuse. The Government laid a proper foundation for co-conspirator Raphael Bea-to to explain certain “coded” phone calls; Beato’s testimony was based on his firsthand perceptions and rationally derived from those perceptions. See United States v. Kaplan, 490 F.3d 110, 119 (2d Cir.2007). Nor did the District Court abuse its dis *316 cretion by allowing the Government to put in evidence of a prior uncharged drug transaction; this evidence was properly used by the Government both to explain how Beato and Castro became involved in the charged conspiracy and to answer Castro’s claim that he did not know that Beato was a drug dealer. See United States v. Coonan, 988 F.2d 1553, 1561 (2d Cir.1991).
Castro also challenges the District Court’s jury instructions. In United States v. Gaines, 457 F.3d 238 (2d Cir.2006), we “denounce[d] any instruction ... that tells a jury that a testifying defendant’s interest in the outcome of the case creates a motive to testify falsely.” Id. at 246. In the case before us, the District Court’s jury instruction regarding Castro’s testimony referred to his “vital interest” in the outcome of the case, thus suggesting to the jury that Castro had an incentive to lie. In doing so, the District Court almost certainly violated Gaines. But despite being immediately informed of this potential problem by the Assistant U.S. Attorney, Castro’s trial counsel explicitly refused to pursue it. Accordingly, the argument was waived, and we will not consider it here.
Trial counsel’s treatment of the Gaines problem, as well as the other incidents of allegedly ineffective assistance asserted both in Castro’s direct appeal and in his appeal from the District Court’s denial of his Rule 33 motion, raise questions of whether his counsel was constitutionally adequate. But ordinarily “a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.” Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Accordingly, we decline to consider any of Castro’s claims of ineffectiveness on this appeal, and leave them for consideration in a properly filed § 2255 motion. See United States v. Hertular, 562 F.3d 433, 451 (2d Cir.2009).
We have carefully considered the remainder of Castro’s claims, and find them to be meritless. Accordingly, we AFFIRM the decision of the District Court, without prejudice to raising the ineffectiveness of counsel claims in a § 2255 petition.