**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 12, 2009[*]
Decided August 17, 2009

### Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 08-3806

UNITED STATES OF AMERICA,
　　*Plaintiff-Appellee*,

*v.*

WILLIAM ERIC THOMAS,
　　*Defendant-Appellant*.

Appeal from the United
States District Court for the
Northern District of Indiana,
Fort Wayne Division.

No. 1:07-CR-72-TS
Theresa L. Springmann,
*Judge*.

### Order

William Thomas pleaded guilty to unauthorized use of credit cards, in violation of 18 U.S.C. §1029(a)(2). He was sentenced to 30 months' imprisonment and ordered to pay $14,707.78 in restitution. Thomas, who has elected to represent himself on appeal, presents exclusively arguments not raised in the district court; they may be reviewed now only under the plain-error standard. See *United States v. Vonn*, 535 U.S. 55 (2002).

Thomas contends that his plea is invalid because the district judge did not inform him about the nature of the charge and did not elicit an adequate factual basis for the plea. He quotes the following exchange about whether he knew that the credit cards were not his to use:

> [The credit cards] were in my name and they were sent to my addresses on which I do have valid addresses. But I knew I didn't apply for the accounts. So I knew they probably were not mine, because I had filed bankruptcy earlier and I didn't think they were going to send me a credit card. So to answer the question you asked, yes – yes.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

"[P]robably … not mine" is insufficient to establish the required knowledge, Thomas contends. But the district judge also asked Thomas whether he knew that he "ought not to have been using these cards" and whether he knew that the use was unlawful. Thomas said yes. The district judge did not commit plain error when concluding that Thomas understood the charge and that the record contains a factual basis for a guilty plea.

Because the guilty plea is valid, we need not address Thomas's challenge to his indictment. A plea of guilty waives all arguments other than those concerning subject-matter jurisdiction. See *United States v. Broce*, 488 U.S. 563 (1989). The district court's jurisdiction rests on 18 U.S.C. §3231 and is unaffected by the arguments that Thomas presents, such as whether the indictment contains all signatures required by Fed. R. Crim. P. 6(c) and 7(c)(1), and whether it adequately tracks the statutory language.

Thomas maintains that the award of restitution is excessive because some of his credit-card transactions occurred before December 10, 2006, or after February 20, 2007. The indictment alleged that Thomas's crimes took place "on or about" that span of time. The actual transactions to which Thomas admitted occurred during that period, or within 18 days of it. That degree of flexibility is allowed by "on or about" language. See, e.g., *United States v. Synowiec*, 333 F.3d 786, 790–91 (7th Cir. 2003) (difference of one month does not exceed the latitude allowed by "on or about" language).

Finally, Thomas contends that his lawyer in the district court furnished ineffective assistance. Such an argument, made on an empty record, is doomed. We elect to bypass the contention, without prejudice, so that Thomas can present it by motion under 28 U.S.C. §2255, where a record can be compiled. See *Massaro v. United States*, 538 U.S. 500 (2003).

AFFIRMED