**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-5068**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

MARLON BRUFF, a/k/a Brendan,

              Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Catherine C. Blake, District Judge. (1:07-cr-00395-CCB-5)

---

Submitted:  January 27, 2011      Decided:  March 4, 2011

---

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Gregory Stuart Smith, LAW OFFICES OF GREGORY S. SMITH, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, James T. Wallner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marlon Bruff appeals from his convictions after pleading guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine and conspiracy to launder money. Bruff contests his convictions, based on ineffective assistance of counsel related to advice given to him regarding whether he should withdraw his guilty plea. Bruff contends that counsel misinformed him regarding the drug type he would be held responsible for and his options regarding contesting the drug quantity attributable to him. We affirm.

On appeal, Bruff contends that his conviction should be vacated and the case remanded so that he may withdraw his guilty plea based on ineffective assistance of counsel clearly appearing on the record. Bruff contends that his decision not to withdraw his guilty plea was based on incorrect and prejudicial legal advice that the only way to avoid a statutory minimum ten-year sentence was to accept the plea agreement, which stipulated a drug amount including methamphetamine, and hope to receive a U.S. Sentencing Guidelines Manual § 5K1.1 (2009) reduction. Bruff contends counsel advised him that, if he participated in a drug conspiracy believed to be distributing drug A, but it turned out to be drug B, he would be accountable for drug B (here, methamphetamine, carrying a ten-year minimum

2

sentence). Bruff asserts this advice was incorrect, clearly appears on the record, and was prejudicial.

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant generally must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. Id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). However, ineffective assistance claims are cognizable on direct appeal if the record conclusively establishes ineffective assistance. Massaro v. United States, 538 U.S. 1690, 1693-94 (2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

To demonstrate ineffective assistance, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness," and that the error was "prejudicial to the defense" such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 692, 694 (1984). In the context of a plea agreement, where a defendant claims ineffective assistance, the prejudice prong is satisfied where the defendant shows that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). "[A] guilty plea is constitutionally valid if it 'represents a voluntary and intelligent choice among the alternative choices of action open to the defendant.'" <u>United States v. Moussaoui</u>, 591 F.3d 263, 278 (4th Cir. 2010) (<u>quoting</u> <u>North Carolina v. Alford</u>, 400 U.S. 25, 31 (1970)).

With regard to the ineffective assistance of counsel claim, the record does not conclusively show that counsel was ineffective for advising Bruff not to withdraw his guilty plea. Appellate counsel states that, had it not been for trial counsel's ineffectiveness, "[t]here is a reasonable probability . . . that, had Mr. Bruff been properly informed, he would have insisted on going to trial." There is little in the record to support this assertion. Nor is there clear evidence from Bruff or trial counsel concerning the discussions leading up to the plea agreement or the reasons Bruff had for entering into the plea agreement. Without more, Bruff's ineffective assistance of counsel claim is not ripe for review.

We therefore conclude that the ineffective assistance of counsel issue is not yet ripe for review and is better suited to be raised in a § 2255 proceeding. We affirm the convictions. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED