**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4472**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KAREEM KABBAR WEBB,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:09-cr-00021-RLV-DCK-1)

Submitted: September 29, 2011     Decided: October 25, 2011

Before KING, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Faith S. Bushnaq, BUSHNAQ LAW OFFICE, PLLC, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kareem Kabbar Webb pleaded guilty pursuant to a written plea agreement to drug and firearm offenses. Webb agreed to waive all rights to appeal the conviction and sentence with the exception of "(1) claims of ineffective assistance of counsel or (2) prosecutorial misconduct." He was sentenced as a career offender to 262 months in prison. On appeal, Webb claims that he received ineffective assistance of counsel when counsel failed to challenge one of the predicate offenses used to establish his status as a career offender. We affirm.

The probation officer applied the career offender enhancement based on Webb's North Carolina convictions for common law robbery, for which Webb received a 15 to 18 month sentence, and breaking and entering, for which he received a 10 to 12 month sentence. See U.S. Sentencing Guidelines Manual § 5C1.2 (2009). Counsel objected to application of the career offender enhancement on the basis of the increased severity of the sentence, but not based on the use of the predicate felonies to determine career offender status. The court overruled Webb's objection and imposed a total sentence of 262 months.

Webb's appeal is limited by the terms of his plea agreement. His sole issue on appeal is whether he received ineffective assistance of counsel when counsel did not object to the use of the conviction for breaking and entering, for which

2

he did not receive a sentence in excess of twelve months. Webb argues that, in light of Johnson v. United States, 130 S. Ct. 1265 (2010), and United States v. Rodriquez, 553 U.S. 377 (2008), counsel should have argued that the conviction was not a valid predicate offense.

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant generally must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion. Id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). However, ineffective assistance claims are cognizable on direct appeal if the record conclusively establishes ineffective assistance. Massaro v. United States, 538 U.S. 1690, 1693-94 (2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). To demonstrate ineffective assistance, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness," and that the error was "prejudicial to the defense" such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 692, 694 (1984).

We conclude that, even if counsel's representation fell below an objective standard of reasonableness, Webb has not

demonstrated that the alleged error was prejudicial. At the time of Webb's sentencing, whether a prior conviction qualified as a felony for career offender purposes was determined by considering "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). While Webb's appeal was pending, however, Harp was overruled by the en banc decision in Simmons. See United States v. Simmons, 649 F.3d 237, 2011 WL 3607266, at *3 (4th Cir. Aug. 17, 2011). Simmons held that a prior North Carolina offense was punishable for a term exceeding one year only if the particular defendant before the court had been eligible for such a sentence under the applicable statutory scheme, taking into account his criminal history and the nature of his offense. Id. at *8; see also N.C. Gen. Stat. § 15A-1340.17(c), (d) (2009) (setting forth North Carolina's structured sentencing scheme).

Under Simmons, Webb's breaking and entering conviction does not appear to be a crime punishable by imprisonment for a term exceeding one year. We do not have the state court record on appeal. However, in light of Webb's 10-12 month sentences, under the North Carolina sentencing table, it appears that Webb could not have received a sentence of more than twelve months if he had been sentenced in the presumptive range. See N.C. Gen. Stat. § 15A-1340.17(c), (d).

4

*Simmons* notwithstanding, at the time of Webb's conviction and sentencing, *Harp* was the law in the circuit. Thus, even if counsel had objected, the court would have overruled the objection because the maximum sentence any defendant could have received was thirty months, thereby satisfying the career offender requirement. Because the sentencing outcome would have been the same, Webb cannot demonstrate prejudice. Accordingly, counsel was not ineffective.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED