NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0281n.06

No. 11-3745

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Mar 13, 2012

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| KEIRON ASHURST, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: KEITH, MARTIN, and BOGGS, Circuit Judges.

PER CURIAM. Keiron Ashurst pled guilty to conspiracy to commit wire and mail fraud in violation of 18 U.S.C. § 1349. On appeal, Ashurst challenges the voluntariness of his plea. For the reasons set forth below, we affirm the district court's judgment.

Ashurst's plea was made pursuant to a plea agreement. The parties agreed that Ashurst was entitled to a reduction for acceptance of responsibility, that his base offense level should be increased by ten levels based on a total loss amount of between $120,000 and $200,000, and that he was entitled to a four-level reduction because of his minimal role in the criminal activity. The calculations in the presentence report were the same as those in the plea agreement, except that the probation officer calculated the total loss amount as $238,500, resulting in an additional two-level increase in Ashurst's base offense level. *See* USSG § 2B1.1(b)(1)(G). This calculation resulted in a total offense level of thirteen, which, when combined with Ashurst's criminal history category of II, yielded an advisory sentencing guidelines range of fifteen to twenty-one months of imprisonment.

At sentencing, the district court sustained Ashurst's objection to the higher loss calculation, reducing Ashurst's total offense level to eleven and his sentencing guidelines range to ten to sixteen

months of imprisonment. Ashurst sought a non-custodial sentence, citing his limited involvement in the conspiracy and his family responsibilities. The district court denied the request, and sentenced Ashurst to twelve months and one day in prison, to be followed by three years of supervised release.

After receiving his sentence, Ashurst filed a series of pro se motions seeking to set aside his guilty plea based on claims of ineffective assistance of counsel and prosecutorial misconduct. The district court denied the motions in marginal orders.

On appeal, Ashurst argues that his plea should be vacated because his counsel was ineffective for coercing him into pleading guilty, promising that he would receive a probationary sentence, refusing to move to withdraw his plea, and failing to advise him of the possibility of deportation as a consequence of pleading guilty. Alternatively, Ashurst argues that the district court abused its discretion by denying his motion to withdraw his guilty plea without first holding an evidentiary hearing.

"A guilty plea can be involuntary as a result of the ineffective assistance of counsel." *United States v. Gardner*, 417 F.3d 541, 545 (6th Cir. 2005). But we will review claims of ineffective assistance on direct appeal only in those "rare cases where the error is apparent from the existing record." *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006). Such claims are properly raised in a motion for post-conviction relief under 28 U.S.C. § 2255. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *Gardner*, 417 F.3d at 545. The alleged ineffectiveness of Ashurst's counsel is not apparent from the existing record, which contains no evidence regarding why counsel did not file additional motions or what advice, if any, counsel provided concerning Ashurst's sentencing exposure and the immigration consequences of his plea. Accordingly, we decline to consider Ashurst's claims of ineffective assistance of counsel on direct appeal. *See Lopez-Medina*, 461 F.3d at 737; *Gardner*, 417 F.3d at 545.

To the extent that Ashurst challenges the district court's denial of his motion to withdraw his guilty plea, his arguments are without merit. The district court could not grant Ashurst's motion because it was made after he was sentenced. Under Federal Rule Criminal Procedure 11(e), "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and

the plea may be set aside only on direct appeal or collateral attack." Accordingly, the district court did not abuse its discretion by denying Ashurst's motion to withdraw his guilty plea without an evidentiary hearing.

We affirm the district court's judgment.