NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0625n.06

No. 17-6178

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ROBERT SCOTT SHEPPARD, | ) | **FILED** |
| | ) | Dec 18, 2019 |
| Petitioner-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| UNITED STATES OF AMERICA, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Respondent-Appellee. | ) | |

Before: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

PER CURIAM. Robert Scott Sheppard, a habeas petitioner, argues that he received constitutionally deficient assistance of counsel when his trial attorney failed to object to a sentencing enhancement. Sheppard's petition for relief comes to us with a record that is inadequate to permit review, so we vacate and remand for additional proceedings in the district court.

In December 2012, Sheppard shot an acquaintance, Johnny Hill, in the woods near Sheppard's farmhouse. Sheppard was a felon, so he could not legally possess a firearm. Neither Hill nor Sheppard reported the shooting. Fourteen months later, police officers discovered Sheppard, along with two loaded firearms and a bag of methamphetamine precursors—the raw materials for producing methamphetamine—in the basement of another house that they suspected was a meth lab. In the rest of the house, the officers found drug paraphernalia, more meth precursors, a security-camera system and monitor, and nine more firearms. They arrested Sheppard.

Sheppard admitted to the police that he had shot Johnny Hill in 2012. Sheppard said that the "Hill Boys"—Johnny and his brother Melvin—had been stealing from him. The police interviewed the Hill brothers. Johnny confirmed that Sheppard had shot him; Melvin said that he stayed home the night of the shooting, but admitted that he bought meth from Sheppard regularly. Melvin had also seen Sheppard produce meth—usually at the farmhouse—around 200 times. According to Melvin, Sheppard had always been armed when they saw each other.

The government eventually charged Sheppard with two counts of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g), for shooting Johnny Hill and for possessing firearms when he was arrested. Sheppard pled guilty to those charges.

Sheppard's presentence report recommended that his sentence be enhanced on the ground that his offenses collectively involved three firearms. *See* U.S.S.G. §§ 2K2.1(b)(1)(A), 3D1.2(b). Sheppard's counsel did not object; the district court adopted that enhancement and sentenced Sheppard to 162 months in prison. This court affirmed. *United States v. Cureton*, 661 F. App'x 369, 381–83 (6th Cir. 2016).

Sheppard then petitioned for relief under 28 U.S.C. § 2255, arguing among other things that his attorney's failure to object to the number-of-guns enhancement violated Sheppard's Sixth Amendment right to effective counsel. The district court denied Sheppard's petition without holding an evidentiary hearing and before the government filed a response to the motion. This appeal followed.

We review claims of ineffective assistance de novo. *Logan v. United States*, 910 F.3d 864, 868 (6th Cir. 2018). To prevail on an ineffective-assistance claim, a petitioner must prove that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is

deficient only if it falls "below an objective standard of reasonableness" evaluated from "counsel's perspective at the time." *Id*. at 688–89.

We usually hear ineffective-assistance claims through a § 2255 motion, rather than through a direct appeal, because that posture allows the district court "to develop[] the facts necessary to determin[e] the adequacy of representation[.]" *Massaro v. United States*, 538 U.S. 500, 505 (2003). But for all practical purposes the record here is no different than it would be in a direct appeal. We have no testimony from trial counsel that might explain whether "a seemingly unusual or misguided action"—here, according to Sheppard, the failure to object—"had a sound strategic motive or was taken because counsel's alternatives were even worse." *Id*. And the government has asserted that, even if Sheppard's counsel had objected to the enhancement, a different section of the Guidelines, namely § 3D1.2(d), mandated an identical sentence to the one Sheppard received. The district court is better situated than we are to pass on that question in the first instance. We therefore vacate the district court's judgment, and remand for the district court to develop the record and otherwise to proceed as it sees fit.