[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13296
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00031-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNIE LEE, JR.,
a.k.a.
Can't Get Right,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 11, 2010)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Ronnie Lee, Jr. pled guilty to trafficking in a

vehicle with an altered vehicle identification number (VIN), in violation of 18

U.S.C. § 2321,[1] and the district court sentenced him to a term of imprisonment of

77 months.  He now appeals his sentence.  We affirm.

I.

Lee was one of 23 co-conspirators in a sophisticated criminal enterprise

stealing "high-end" vehicles from car dealerships and car rental companies,

replacing the VINs, and then selling the vehicles under counterfeit out-of-state

titles to persons who, in turn, were registering—or attempting to register—the

vehicles in Georgia.[2]  Some of the vehicles were also being "re-stolen" during

staged thefts, VINed again, and sold a second time.  In those cases, the owner of

the vehicle would report the vehicle stolen and collect on an insurance claim.  For

Lee's part, in addition to stealing many of the vehicles, he often: (i) acted as a

liaison between a co-defendant selling a vehicle and a purchaser known to Lee; or

(ii) delivered a vehicle to the purchaser for inspection or upon consummation of

the sale.  Lee was actively involved in the thefts, sale, or delivery of 14 vehicles

---

[1] Lee pled guilty to Count Five of an indictment that also charged him and 22 others, in Count One, with  conspiring, in violation of 18 U.S.C. § 371, to alter and remove vehicle identification numbers ("VINs"), trafficking in motor vehicles with altered VINs, selling and receiving stolen motor vehicles, possessing and counterfeiting forged state securities with intent to defraud, and making false statements to federal law enforcement officials.  At sentencing, the government obtained the dismissal of the Count One charge against Lee pursuant to the plea agreement.

[2] See supra note 1.

2

with a total value for guideline calculation purposes of $392,880.89.

Following Lee's guilty plea but prior to sentencing, the district court denied his motions for appointment of a new attorney to represent him. At sentencing, the court also: (i) enhanced his offense level by two points for "being in the business of receiving and selling stolen property"; (ii) increased his offense level by two more points for obstruction of justice; (iii) refused to award a reduction for accepting responsibility for the offense conduct; and (iv) assigned separate criminal history points, when calculating his criminal history, for what Lee characterizes as concurrent custodial sentences. On appeal, Lee challenges each of these rulings as erroneous or an abuse of discretion.

II.

We review the denial of a motion for new counsel for an abuse of discretion. *United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997). Although criminal defendants are constitutionally entitled to the assistance of counsel, *Foster v. Illinois*, 332 U.S. 134, 136-37, 67 S.Ct. 1716, 1718, 91 L.Ed. 1955 (1947), the right to be represented by counsel "does not grant defendants the unqualified right to counsel of their choice," *United States v. Garey*, 540 F.3d 1253, 1263 (11th Cir. 2008) (*en banc*) (citations omitted).

In determining whether the district court abused its discretion in denying a

motion for new counsel, we consider certain factors, including: (1) the adequacy of the court's inquiry into merits of the motion; and (2) whether the conflict was "so great that it resulted in a total lack of communication between the defendant and his counsel thereby preventing an adequate defense." *Calderon*, 127 F.3d at 1343. Moreover, even if the district court abused its discretion, the defendant must show that the trial counsel continuing to represent him during sentencing prejudiced him. If the defendant cannot show prejudice, then the error was harmless. "To successfully demonstrate prejudice, [the defendant] must show that counsel's performance was not within the range of competence demanded of attorneys in criminal cases and that but for counsel's continued representation at the sentencing hearing, the result of the proceeding would have been different." *Id.* (quotations omitted).

After reviewing the record, we conclude that the district court did not abuse its discretion by denying Lee's motions for new counsel. First, there is no indication that defense counsel, Felix Moring, was constitutionally deficient, but even if Lee sought to raise that as an issue, the preferred means for deciding such a claim is through a 28 U.S.C. § 2255 motion to vacate judgment, "even if the record contains some indication of deficiencies in counsel's performance." *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 1694, 155 L.Ed.2d

714 (2003). Second, the district court adequately considered the merits of Lee's showing of "good cause." Under the circumstances reflected here, the refusal to appoint new counsel for Lee was neither an abuse of discretion nor a ruling which prejudiced Lee's substantial rights.

III.

A.

When a defendant properly challenges an application of the sentencing guidelines before the district court, we review that court's findings of fact for clear error and its application of the guidelines to those facts *de novo*. *United States v. Maung*, 267 F.3d 1113, 1118 (11th Cir. 2001). Under U.S.S.G. § 2B6.1, a sentencing court should enhance a defendant's offense level by two points if "the defendant was *in the business of receiving and selling stolen property*." U.S.S.G. § 2B6.1(b)(2) (emphasis added). In *United States v. Saunders*, 318 F.3d 1257 (11th Cir. 2003), we adopted a case-by-case approach employing a totality of the circumstances test to determine whether a defendant was in the fencing business and thus subject to a § 2B6.1(b)(2) enhancement: "the defendant must have, at a minimum, acted as a fence. Beyond that, the sentencing court must examine the totality of the circumstances with a particular emphasis on the regularity and sophistication of the illegal activity to determine whether the defendant's conduct

5

amounted to a fencing business." *Saunders*, 318 F.3d at 1264, 1273 n.9.

Factors the court may consider include "the value of the stolen property, the defendant's past activities involving stolen property and the extent to which the illegal operations encouraged or facilitated other criminal activity." *Id.* A defendant himself, and not just his co-conspirators, must have acted as a fence for the enhancement to apply. *Id.* at 1263. "[A] prerequisite to the application of the two-level enhancement in § 2B6.1(b)(2) is that the defendant personally received *and* sold stolen property." *Id.* at 1267 (emphasis in original).

We conclude that the § 2B6.1(b)(2) enhancement was factually and legally supported. First, Lee not only personally stole numerous vehicles, but he was subsumed within a criminal enterprise that included a sophisticated fencing operation. Although he contends—for the first time on appeal—that he was merely a thief, not a fence, that is unsupported by the record. Second, under the totality of the circumstances, Lee, along with others in the enterprise, was "in the business of receiving and selling stolen vehicles." Specifically, the enterprise's illegal activities spanned a 4-year period, involved more than 20 individuals, and demanded sophisticated re-VINing of the stolen vehicles and the production of counterfeit titles. For these and other reasons, we conclude that the enhancement applied to Lee was correct.

B.

Section 4A1.1 of the Sentencing Guidelines provides for the computation of a defendant's criminal history category based on the length of prior sentences. U.S.S.G. § 4A1.1. In calculating a defendant's criminal history score, prior sentences imposed in unrelated cases are counted separately. U.S.S.G. § 4A1.2(a)(2). "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense." If the prior sentences are not separated by an intervening arrest, "prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." *Id.*

Here, the presentence investigation report ("PSI") showed that Lee was arrested for one prior offense (in Effingham County) more than a year before he committed another set of offenses (in Chatham County), and that these all resulted in convictions. Because the sentences resulted from convictions for unrelated offenses, it was appropriate to assign separate criminal history points for each, and the district court did not err when it did so.

C.

In reviewing an obstruction of justice enhancement, we review the district court's factual findings for clear error, and its application of the Sentencing Guidelines to those facts *de novo*. *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006). In order to permit meaningful appellate review, the district court must make specific findings of fact when imposing an obstruction of justice enhancement. *United States v. Alpert*, 28 F.3d 1104, 1106 (11th Cir. 1994) (*en banc*). Even if the district court failed to make such findings, however, we may still affirm if "the record clearly reflects the basis for the enhancement and supports it." *United States v. Taylor*, 88 F.3d 938, 944 (11th Cir. 1996).

The Sentencing Guidelines provide for a two-level enhancement where:

> (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense.

U.S.S.G. § 3C1.1. Examples of obstructive conduct include: (i) "unlawfully influencing a co-defendant . . . directly or indirectly, or attempting to do so"; and (ii) "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." U.S.S.G. § 3C1.1 comment. (n. 4(a), (g)).

8

In order for this enhancement to apply, the defendant must consciously act with the purpose of obstructing justice. *See United States v. Campa*, 529 F.3d 980, 1016 (11th Cir. 2008). Enhancement is appropriate, however, even if the attempt to obstruct justice does not actually succeed. *Taylor*, 88 F.3d at 944.

Although the district court did not make any specific factual findings with respect to the obstruction of justice enhancement, it did state that it concurred with the findings in the PSI as to that point. According to the PSI, Lee called and wrote a co-conspirator and encouraged the co-conspirator to avoid implicating him in certain vehicle thefts. Lee also asked the co-conspirator to pass on that information to another co-defendant. In addition, Lee repeatedly provided information to law enforcement officials that, in light of information provided by his co-defendants, proved to be false. The PSI concluded that Lee engaged in obstructive conduct by attempting to unlawfully influence other participants in advance of their interviews with investigators, and by giving materially false statements to an FBI agent that significantly impeded the investigation.

In light of this, we have no difficulty in concluding that the challenged obstruction of justice enhancement was appropriate.

D.

The district court's denial of a reduction for acceptance of responsibility

9

under U.S.S.G. § 3E1.1 is entitled to great deference, and we review that assessment only for clear error. *United States v. Moriarty*, 429 F.3d 1012, 1022 (11th Cir. 2005).

A defendant is entitled to a two-level reduction if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). In determining whether a defendant qualifies for the two-level reduction, a district court may consider whether the defendant "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or [did] not falsely deny[] any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 3E1.1, comment. (n.1(a)). "The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea. Although a guilty plea can constitute significant evidence of acceptance of responsibility, it may be outweighed by conduct of the defendant inconsistent with an acceptance of responsibility." *Moriarty*, 429 F.3d at 1023 (quotation and citation omitted).

Moreover, conduct that results in an enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," although there may be "extraordinary cases" in which adjustments under both sections may apply.

10

U.S.S.G. § 3E1.1, comment. (n.4); *see United States v. Amedeo*, 370 F.3d 1305, 1321 (11th Cir. 2004) (noting that the defendant received an enhancement for obstruction of justice and, therefore, would be entitled to an acceptance of responsibility reduction only if his case was "extraordinary").

Here, Lee's guilty plea was contradicted by his conduct after his change-of-plea hearing. On the day he changed his plea to guilty as to Count Five, he spoke to a co-defendant soliciting his help in minimizing the number of vehicles he stole. Even though Lee had admitted to investigators that he stole three vehicles, when the probation officer asked if he was the car thief, he denied it and, more than a month after the change-of-plea hearing, continued to mislead agents about the extent of his involvement.

As discussed above, the district court properly enhanced Lee's offense level for obstruction of justice. Accordingly, his acceptance of responsibility would have to be "extraordinary." *See* U.S.S.G. § 3E1.1, comment. (n.4); *Amedeo*, 370 F.3d at 1321. Because Lee failed to make such a showing, the district court did not clearly err in denying a reduction for acceptance of responsibility.

AFFIRMED.