# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 5, 2012

No. 11-41037
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EZEQUIEL GONZALEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-84-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Following his guilty plea, Ezequiel Gonzalez was convicted for conspiracy to possess, with intent to distribute, more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. He was sentenced, *inter alia*, to 97 months' imprisonment, the low end of the advisory Guidelines sentencing range.

Gonzalez contends his trial counsel was ineffective because he failed to timely debrief a Government agent prior to sentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41037

"[T]he general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations". *United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008) (internal quotation marks omitted). As the Supreme Court has stated, a 28 U.S.C. § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003). "There may be cases in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal." *Id.* at 508. Accordingly, our court generally resolves an ineffective-assistance claim on direct appeal only where the record is sufficient to consider the claim's merits. *Gulley*, 526 F.3d at 821.

The record is not sufficient to allow us to consider whether counsel's failure to pursue additional debriefing or to seek a continuance of the sentencing proceedings constituted ineffective assistance. Because we conclude that "we cannot fairly evaluate the claim from the record", we decline to consider Gonzalez' ineffective-assistance claim on appeal, without prejudice, of course, to his right to raise this claim in a timely § 2255 proceeding. *Id.*

AFFIRMED.