NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30160 |
| Plaintiff-Appellee, | D. C. No. 2:09-cr 00427-RSM-3 |
| v. | |
| MALEEK JAMES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted August 31, 2012
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and RAKOFF, Senior District Judge.[**]

Maleek James appeals from his

jury conviction for conspiracy to import and distribute ecstasy, possession of

ecstasy with intent to distribute, and aiding and abetting the importation of ecstasy.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The Honorable Jed S. Rakoff, Senior District Judge for the Southern District of New York, sitting by designation.

He contends that: (1) the government agent who testified at his trial committed perjury; (2) the district court improperly vouched for the testimony of a cooperating witness; (3) the prosecutor committed misconduct in the voir dire; and (4) he received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the conviction.

James first argues that the Immigrations and Customs Enforcement ("ICE") agent who testified against him at trial committed perjury. To reverse a conviction due to perjury, a defendant must show that "(1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) the false testimony was material." *Jackson v. Brown*, 513 F.3d 1057, 1071–72 (9th Cir. 2008). Because defendant did not raise this perjury argument at trial, we review for plain error only. *United States v. Houston*, 648 F.3d 806, 813 (9th Cir. 2011) (internal quotation marks and citation omitted).

The record here does not indicate that the ICE agent committed perjury. The ICE agent testified that Robert Boule, owner of the Smuggler's Inn, told him that he saw a woman carry a suitcase across the border from Canada and place it in a car subsequently linked to James. The ICE agent's notes are ambiguous and do not clearly indicate one way or another whether it was Boule, or, as defendant argues, a housekeeper, who saw this woman, nor whether it was only the person referenced

2

in his notes who saw these events.  When defense counsel then tried to impeach the agent with the undated second page of his notes, the ICE agent incorrectly identified the notes as relating to an incident involving James's co-conspirator that had occurred six days prior.  However, nothing in the record clearly demonstrates that the ICE agent knowingly lied, rather than made a mistake, when he misidentified the incident to which his notes referred.  Moreover, since Boule himself testified at trial, the mistake was immaterial. Accordingly, there is no plain error that supports reversal.

James next argues that the district court improperly vouched for the testimony of a cooperating witness when it denied defense counsel's request to strike the witness's answer to the question, "Did the government make any promises or guarantee what you would get for your cooperation," to which the cooperator replied, "There's no promise, no guarantee, but my lawyer says, 'If you can tell the truth, you know, the judge will decide.'"  This was followed by a question from the prosecutor that elicited the response that the sentencing judge was the same judge presiding at trial. Defense counsel objected at trial that "the judge will decide" referred to the judge deciding whether the cooperator told the truth and, when coupled with the next answer, implicitly suggested that the presiding judge was vouching for the cooperator's testimony.  The district court

disagreed, finding that the cooperator was referring to who would decide his sentence. We agree with the district court, and accordingly hold that the district court did not abuse its discretion in denying the request to strike the testimony. *See United States v. Tran*, 568 F.3d 1156, 1162 (9th Cir. 2009) (evidentiary rulings are reviewed for abuse of discretion).

James also argues that during the voir dire the prosecutor impermissibly vouched for the use of law enforcement ruses and for the credibility of cooperating witnesses. As to the law enforcement ruses, the prosecutor gave an example of a "sting operation" in which she participated in her prior role as a state prosecutor, where police officers tricked people with outstanding arrest warrants into appearing at the Tacoma Dome to collect a prize. As to the use of cooperators, the prosecutor gave the example of Sammy "the Bull" Gravano, who cooperated with the Government in its case against the notorious alleged mafiosi John Gotti, and ultimately received a sentence of only five years in prison despite having killed seventeen people. These personalized and vivid examples were unnecessary and inappropriate, serving not so much to ferret out bias as to put the prosecutor's own views in play.

Nevertheless, because no objection was made during the voir dire, plain error review applies. Under the high burden that plain error requires, we cannot

4

say that the prosecutor's actions here "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2166 (2010) (internal quotation marks and citation omitted). The prosecutor did not vouch for the credibility of specific law enforcement officers or specific actions in this case, nor did she vouch for the credibility of the cooperators who testified against James. *See, e.g.*, *United States v. Kerr*, 981 F.2d 1050, 1052–54 (9th Cir. 1992) (finding improper vouching and reversing for plain error where prosecutor repeatedly told the jury during closing argument that he believed that the four cooperators were telling the truth). Moreover, if a district court permits the attorneys to conduct voir dire, a certain amount of personalization by counsel is likely to occur. Under all the facts and circumstances, we hold that there was no plain error in the voir dire.

Finally, James brings an ineffective assistance of counsel claim. "Claims of ineffective assistance of counsel are generally inappropriate on direct appeal." *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). Rather, in most instances, claims of ineffective assistance of counsel should be raised first in collateral proceedings in the district court under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003). We find no "extraordinary exception" here justifying departure from the normal procedure. *See United States*

*v. Jeronimo*, 398 F.3d 1149, 1156 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). The ineffective assistance of counsel claim is therefore dismissed without prejudice to being raised in an appropriate subsequent proceeding.

**AFFIRMED**.

*United States v. James*, 11-30160

GOULD, Circuit Judge, concurring:

I concur in the memorandum disposition. But I do so with significant reservations because of what I consider an entirely improper jury voir dire conducted by the prosecutor. The record here did not show charges of violent conduct or use of firearms in the drug importing conspiracy. Importing ecstacy into the United States is a serious crime, but James entered this trial with a presumption of innocence until proven guilty beyond a reasonable doubt. Although I do not believe that the prosecutor acted in subjective bad faith, I can see no proper justification for introducing at voir dire the images of notorious mob boss John Gotti and murderous mob enforcer Sammy "The Bull" Gravano. The jury panel, as a result of the prosecutor's questions, might have thought that James's alleged crimes involved organized crime or violence comparable to mob executions, even though those things were not charged.

To my thinking, the prosecutor's use of these images during jury voir dire was incorrect and threatened the fairness of trial. But, as the disposition explains, we must review for plain error because James's counsel did not object to this questioning. Plain error review requires the defendant to show that a plain error prejudiced the outcome of the district court proceedings and "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States*

*v. Marcus*, 130 S.Ct. 2159, 2164 (2010) (internal quotations omitted).  While this voir dire is close to the line of what I would consider so inflammatory as to preclude a fair trial, I conclude that in this direct appeal James did not meet his burden of showing prejudice sufficient to satisfy the plain error standard. However, this voir dire and the absence of objection by James's counsel are a proper subject for an ineffective assistance of counsel claim in collateral proceedings under 28 U.S.C. § 2255.