12-1362-cr
United States v. Kamara

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 25th day of April, two thousand thirteen.

Present:   AMALYA L. KEARSE,
           ROBERT A. KATZMANN,
           CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                    - v -                          No. 12-1362-cr

MAMADU KAMARA, aka Foday Silla,

                    *Defendant-Appellant.*[*]

_____

For Appellee:              Alvin L. Bragg, Jr., and Brent S. Wible, Assistant United
                           States Attorneys, *for* Preet Bharara, United States Attorney for
                           the Southern District of New York, New York, NY

For Defendant-Appellant:   B. Alan Seidler, New York, NY

_____

[*] The Clerk of Court is directed to amend the official caption as set forth above.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Mamadu Kamara appeals from a March 27, 2012, judgment of conviction entered by the United States District Court for the Southern District of New York (Scheindlin, *J.*). A jury found Kamara guilty of conspiracy to commit bank fraud. The district court sentenced him principally to thirty-seven months of imprisonment and to pay $78,368 in restitution. We assume the parties' familiarity with the remaining facts, procedural history of the case, and issues on appeal.

Kamara first contends that the evidence presented at trial was insufficient to support a conviction. In reviewing this argument, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Here, Kamara's co-conspirator, Amadou Souare, testified about Kamara's participation in the conspiracy. Souare's testimony was corroborated by the testimony of several bank employees, documents bearing Kamara's signature that were used to perpetrate the fraud, bank surveillance photographs, and fake drivers' licenses. We agree with the district court that this evidence was sufficient to support the guilty verdict.

Kamara next argues that his trial counsel provided him with ineffective assistance because his counsel did not prepare Kamara to testify and did not order testing of the government's evidence for DNA or for fingerprints. We decline to address this claim on direct

2

review. "Where the record on appeal does not include the facts necessary to adjudicate a claim of ineffective assistance of counsel, our usual practice is not to consider the claim on the direct appeal, but to leave it to the defendant to raise the claims on a petition for habeas corpus under 28 U.S.C. § 2255." *United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir. 2006). Here, habeas proceedings will provide Kamara with "the forum best suited to developing the facts necessary to determining the adequacy of representation." *See Massaro v. United States*, 538 U.S. 500, 505 (2003).

Kamara's third argument is that the district court's charge on reasonable doubt was improper because the district court failed to contrast the reasonable doubt standard with other burdens of proof and failed to sufficiently define the concept of reasonable doubt. Because Kamara did not object below to the district court instructions, we apply plain error review. *United States v. Feliciano*, 223 F.3d 102, 114-15 (2d Cir. 2000). Kamara must demonstrate that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks omitted). Any error here was not clear or obvious. Kamara does not point to any case law or doctrine requiring the district court either to place the reasonable doubt standard in the context of other burdens of proof or to define reasonable doubt with any greater specificity than that which was provided.

Finally, Kamara contends that his sentence was unreasonable. Without explaining the legal basis for his argument—or even stating whether his challenge goes to the substantive or the

3

procedural reasonableness of the sentence—Kamara asserts that his sentence was unreasonable in light of a number of circumstances, including his mother's age, the financial support that he provides to his family, his health problems, and the fact that he legally resides in the United States. However, Kamara does not demonstrate that the district court failed to take these circumstances into consideration. The district court properly considered each of the § 3553(a) factors, and "[t]he weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge." *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006). Further, we do not find this to be one of those "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

We have considered Kamara's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4