# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-11014
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACK BRITTON KYLE,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-94-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jack Britton Kyle pleaded guilty pursuant to a written plea agreement to committing tax evasion in violation of 26 U.S.C. § 7201, and he was sentenced within the Guidelines to 30 months of imprisonment and a one-year term of supervised release. Under the terms of the plea agreement's appeal waiver, Kyle reserved the right to challenge the voluntariness of his guilty plea and to raise a claim of ineffective assistance of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-11014

Prior to sentencing, Kyle filed a motion to withdraw his plea agreement and guilty plea on the grounds that he was unaware of certain defenses when he entered into the plea agreement and pleaded guilty and that counsel failed to pursue and advise him of those defenses. The district court denied Kyle's motion, and Kyle has filed this pro se appeal, arguing that the district court erred in denying his motion and that his counsel rendered ineffective assistance.

With respect to the district court's denial of Kyle's motion to withdraw his guilty plea, the record does not reflect, nor has Kyle shown, that the district court's decision to deny the motion was based on an error of law or a clearly erroneous assessment of the evidence. *See United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). Thus, the district court did not abuse its broad discretion in denying the motion. *See United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984).

Claims of ineffective assistance of counsel usually "cannot be resolved on direct appeal when [they have] not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (quotation marks and citation omitted). Absent such a record, an appellate court "may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Further, without factual development, an appellate court may not be able to determine if an alleged error was prejudicial. *Id.* Thus, in most cases, the preferred method of raising such claims is a 28 U.S.C. § 2255 proceeding. *Id.* at 504-06. Here, though there was some discussion in the district court of Kyle's attorney's strategy and Kyle's proposed defenses, we conclude the record

No. 12-11014

is insufficient for us to resolve this matter on direct appeal. *See Cantwell*, 470 F.3d at 1091. We therefore dismiss Kyle's claim of ineffective assistance of counsel without prejudice to raising it in a 28 U.S.C. § 2255 proceeding.

AFFIRMED.