**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0581n.06

Case No. 14-5624

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Aug 17, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff-Appellee,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　ON APPEAL FROM THE UNITED
v.　　　　　　　　　　　　　　　　　　　)　　STATES DISTRICT COURT FOR
　　　　　　　　　　　　　　　　　　　　)　　THE EASTERN DISTRICT OF
KWEITA M. ANDERSON,　　　　　　　　　)　　KENTUCKY
　　　　　　　　　　　　　　　　　　　　)
　　　Defendant-Appellant.　　　　　　　)


BEFORE: MOORE and COOK, Circuit Judges; COHN, District Judge.[*]

COOK, Circuit Judge. A jury convicted Kweita Anderson of possessing and conspiring to distribute cocaine and cocaine base. On appeal, Anderson argues that the government vindictively prosecuted her by obtaining a superseding indictment that carried a mandatory-minimum sentence after she declined to plead guilty. She also contends that her trial counsel provided ineffective assistance by failing to introduce a statement impeaching the motives of a key government witness. We AFFIRM Anderson's conviction without reaching her ineffective-assistance-of-counsel claim.

---

[*]The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

I.

In August 2012, Anderson rented a car and traveled from Springfield, Ohio to Atlanta, Georgia with Myron Colvin and James Coran. Law enforcement stopped them in Kentucky on their return trip and found approximately 227 grams of cocaine and 57 grams of cocaine base under the hood of the rental car.

In September, a grand jury indicted Anderson, Coran, and Colvin on one count of conspiring to distribute less than 500 grams of cocaine and one count of conspiring to distribute less than 28 grams of cocaine base, both in violation of 18 U.S.C. § 846. The court initially set a December trial date but later granted Coran's motion to continue the trial date so that he could negotiate a plea agreement with the government.

On January 22, 2013, the government moved to continue a February trial date, explaining that it planned to seek a superseding indictment. Anderson filed a response, advising the court that she took no position on the government's motion.

Two days later, the grand jury returned a superseding indictment charging Anderson and Coran with (1) conspiring to distribute less than 500 grams of cocaine, (2) possessing with intent to distribute less than 500 grams of cocaine, (3) conspiring to distribute 28 grams or more of cocaine base, and (4) possessing with intent to distribute 28 grams or more of cocaine base. Because the superseding indictment increased the cocaine-base amount from less than 28 grams to 28 grams or more, they faced five-year mandatory-minimum sentences if convicted. *See* 21 U.S.C. § 841(b)(1)(B).

Anderson neither objected to the new and substituted charges through a pre-trial motion under Federal Rule of Criminal Procedure 12(b)(3) nor challenged the superseding indictment at any other point below. Her case proceeded to trial and the jury convicted her on all four counts.

Colvin pleaded guilty to a single conspiracy count and testified as a government witness at Anderson's trial. The government dismissed the charges against Coran before trial, and he did not appear as a witness.

## II.

Anderson first argues that the government violated her due-process rights by obtaining a superseding indictment with charges carrying a mandatory-minimum penalty after she declined to plead guilty. Because she forfeited this issue by failing to raise it below, we review for plain error.[1] *See United States v. Walls*, 293 F.3d 959, 970 (6th Cir. 2002).

Anderson cannot show that the district court plainly erred in failing to dismiss the superseding indictment sua sponte as a product of vindictive prosecution. *Bordenkircher v. Hayes* effectively forecloses defendants from claiming vindictive prosecution when the government carries out a threat to seek a superseding indictment following failed plea negotiations. 434 U.S. 357, 363–65 (1978); *see also United States v. DeJohn*, 368 F.3d 533, 545 (6th Cir. 2004). Even if a defendant could avoid *Bordenkircher*'s bar by showing that the government never disclosed its intent to bring harsher charges, *see Bordenkircher*, 434 U.S. at 360, Anderson cannot make such a showing. The record is silent as to when the parties commenced and broke off plea negotiations and, more importantly, what they discussed.

---

[1]Though the government argues that Anderson waived her claim, the record does not show that she "intentionally relinquished a known right." *United States v. Soto*, Nos. 13-2300, 13-2389, 13-2510, 13-2582, 2015 WL 4503261, at *7–13 (6th Cir. July 24, 2015). Specifically, Anderson's noncommittal response to the government's motion to continue trial and her failure to challenge the superseding indictment through a pre-trial Federal Rule of Criminal Procedure 12(b)(3) motion do not evince an intent to relinquish her vindictive-prosecution claim. *Cf. United States v. Mabee*, 765 F.3d 666, 671 (6th Cir. 2014) (explaining that a defendant does not waive his objections to a sentencing error by failing to object at the sentencing hearing).

Anderson cannot show plain error by claiming, without record support, that the government surprised her with harsher charges after she asserted her trial rights.

III.

At trial, Anderson's counsel tried to elicit testimony from the defendant's mother, Susan Anderson, that Coran told her that Colvin told him "that he was going to lay all of this off on Kweita because she had no priors." The court excluded the statement as hearsay. On appeal, Anderson argues that her attorney provided ineffective assistance by failing to secure Coran's presence at trial and by trying to introduce the statement through Susan Anderson rather than asking Colvin about it directly.

We generally decline to review ineffective-assistance arguments on direct appeal, finding that such claims benefit from further record development during post-conviction proceedings under 28 U.S.C. § 2255. *United States v. Franklin*, 415 F.3d 537, 555–56 (6th Cir. 2005) (quoting *United States v. Pruitt*, 156 F.3d 638, 646 (6th Cir. 1998)). We see no reason to depart from that general rule here; the record does not reveal why counsel declined to ask Colvin about the statement or what steps he took to locate Coran and secure his testimony at trial. *See Massaro v. United States*, 538 U.S. 500, 505 (2003).

IV.

We AFFIRM Anderson's conviction and decline to address her ineffective-assistance-of-counsel claim on direct appeal.