# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

## No. 18-4412

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

CHICOBE ANTRELL WILLIAMS,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:17-cr-00022-D-1)

Submitted: April 30, 2019                        Decided:  May 16, 2019

Before MOTZ, AGEE, and RICHARDSON, Circuit Judges.

Dismissed by unpublished per curiam opinion.

R. Clarke Speaks, Wilmington, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chicobe Antrell Williams was sentenced to 151 months' imprisonment after pleading guilty to distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2012). At sentencing, the district court determined that Williams' two prior North Carolina convictions for conspiracy to sell cocaine were the predicate controlled substance offenses necessary to support a career offender enhancement under U.S. Sentencing Guidelines Manual § 4B1.1(a) (2016). On appeal, Williams argues that his trial counsel was ineffective for failing to argue that the categorical approach applied to his North Carolina drug conspiracy convictions pursuant to this Court's decision in *United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018). Williams argues that under the categorical approach, his drug conspiracy convictions were not predicate controlled substance offenses because they did not require an overt act.

Claims of ineffective assistance generally are not cognizable on direct appeal. *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018). "Unless an attorney's ineffectiveness conclusively appears on the face of the record, . . . [such] claim[s] should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016); *Strickland v. Washington*, 466 U.S. 668, 687 (1987) (providing standard). Collateral review proceedings—rather than direct appeal—allow the parties to develop the record for ineffective assistance claims, focusing on facts related to the *Strickland* test, giving counsel an opportunity to explain the reasons for his action or inaction, and allowing the district court to consider the claims in the first instance. *Massaro v. United States*, 538 U.S. 500, 504-06 (2003).

2

It does not conclusively appear on the face of the record that Williams can satisfy the *Strickland* test. Accordingly, we decline to address the ineffective assistance claim on direct appeal and dismiss Williams' appeal of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*